

HODGES WALSH & BURKE, LLP

ATTORNEYS AT LAW

55 CHURCH STREET. SUITE 211
WHITE PLAINS, NEW YORK 10601

———

(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Esq.
Direct E-Mail:  mburke@hwb-lawfirm.com

April 6, 2022

Honorable Nelson S. Roman
United States District Court Judge
300 Quarropas Street
White Plains, New York 10601

Re:    *United States v. David Kaufman*
       20 CR 577 (NSR)

Dear Judge Roman:

I am submitting this letter in connection with David Kaufman's sentencing that is scheduled before your Honor on Thursday, April 14, 2022.  We are requesting that Mr. Kaufman be sentenced to 20 months imprisonment ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████  On December 15, 2021, Mr. Kaufman pleaded guilty to making threats online stalking over the internet, in violation of 18 U.S.C. § 2261A(2)(A) and 2261A(2)(B).  As detailed in the PSR, the adjusted offense level is 22 pursuant to U.S.S.G §2A6.2.  Mr. Kaufman's adjusted offense level after acceptance of responsibility deductions under U.S.S.G Section 3E1.1(a) and 3E1.1(b) is level 19 with a criminal history category I for a corresponding guideline range of 30 to 37 months.



I have attached for the court consideration the following records:



## I.  Background

Initially, David was arrested by New York State on misdemeanor charges for aggravated harassment for the threats to former college classmates that are the subject of this prosecution. (PSR ¶31 and ¶39 referencing NYS police arrest and Ex. H Misdemeanor charges for aggravated harassment on July 14, 2020)  After he was released on the local charges he was soon rearrested by the FBI for reposting threatening communications on the social media.  As is referenced in greater detail in the presentence report, the threats he made were graphic, bizzare and troubling.





---

[1] https://www.themarshallproject.org/2018/11/21/treatment-denied-the-mental-health-crisis-in-federal-prisons (last visited 3-20-22)

See also:



---

https://www.dallasnews.com/opinion/commentary/2017/08/15/the-u-s-justice-system-has-an-autism-problem/

See also:
https://apps.bostonglobe.com/spotlight/the-desperate-and-the-dead/series/prisons/?p1=Spotlight_MI_Story_Explore





<sup>2</sup> The Marshall Project "Downloading a Nightmare." File May 31, 2017.



## IV. APPLICATION OF THE 3553(a) MANDATE AND FACTORS WARRANTS A NON GUIDELINE SENTENCE FOR DAVID KAUFMAN

The challenge in this case, like all cases, is to determine a fair sentence that is sufficient but not greater than necessary.  We can start with the general agreement that the conduct in this case is serious.

The overriding principle of 3553(a) requires a District Court to impose a sentence "sufficient, but not greater than necessary," to satisfy the four purposes of sentencing set forth in 3553(a)(2).  The four purposes of sentencing set forth in 3553(a)(2) are: (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant and (D) to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

The overriding principle of imposing a sentence that is sufficient *but not greater than necessary* to achieve these ends requires that the Court must also take into account 18 U.S.C. § 3582, especially when considering rehabilitation, the fourth purpose of sentencing under 3553(a)(2)(D). (emphasis supplied) 18 U.S.C. § 3582(a) states that the court, in analyzing the

3553(a), factors must recognize that imprisonment is not an appropriate means of promoting

correction and rehabilitation.

In determining whether the sentence is sufficient to comply with the 3553(a)(2) purposes

of sentencing, factors to be considered are listed in § 3553(a).  These factors are:

> (1)  the nature and circumstances of the offense and the history and
> characteristics of the defendant;
> (2)  the kinds of sentences available;
> (3)  the now advisory sentencing guidelines and policy statements;
> (4)  the need to avoid unwarranted sentencing disparity; and
> (5)  the need to provide restitution where applicable.

None of these factors are to be given greater emphasis than another. However, all of the

factors are subservient to the overriding mandate to impose a sentence not greater than

necessary.

**a.  The nature and circumstances of the offense and the history and characteristics of the defendant (3553 [a][1])**

As explained above in more detail and in Drs. Kessler's, Termini's and Brody's

evaluations, Mr. Kaufman is a young man with a developmental disorder and metal illness that

has been misdiagnosed and treated incorrectly for most of his childhood and young adult life.

Though he was raised in a caring home, it does not appear that he received any treatment for

█████████████████████ The unfortunate result is that he was bullied throughout his school

years and never formed any personal relationships with peers.  He even had a distant relationship

from his own parents.  This disability bears directly on his conduct in this case and is the cause

of his alarming behavior and inability to understand why his behavior is so serious.

Without question, Mr. Kaufman's use of social media to send threatening messages to

others is alarming to everyone in his community. As unacceptable as this behavior is, Mr.

Kaufman never took any substantive steps, aside from provocative language to others, to actually

carry out violence against other people.



Probation's request for a 30 month sentence for someone with no criminal history ▮ ▮ is an excessive unduly punitive sentence and fails to balance the factors relevant to sentencing. In support of their recommendation, Probation relies, in part, on the right of victims to be reasonably protected from the accused. This presupposes that Mr. Kaufman is actually violent and that he intends to carry out his threats. Sentencing him to 30 to 37 months in prison, ▮

As the Court is aware, an unnecessarily lengthy term of imprisonment is not an appropriate means of promoting correction and rehabilitation. *see* 18 U.S.C. § 3582. Mr. Kaufman will ultimately be released at some point for these crimes and it is in his best interest, as well as the community's best interest, that he immediately have the treatment and services he desperately needs.

## Conclusion



Very truly yours,

MICHAEL K. BURKE